UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA STEVENSON, | 1:06-cv-00487-OWW-SMS |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION** |
| vs. | **OF PLAINTIFF'S RESPONSES TO SPECIAL INTERROGATORIES AND** |
| TARGET CORPORATION, et al., | **REQUEST FOR DOCUMENTS AND REQUEST FOR SANCTIONS** |
| Defendants. | (Doc. 15) |
| _____/ | **FINDINGS AND RECOMMENDATIONS RE: DISMISSAL OF COMPLAINT/ ACTION** |
| | **ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE COMPLAINT/ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION:** |
| | Date:   5/21/07 |
| | Time:   10:00 a.m. |
| | Ctrm:   3 ~ 7th Floor |
| | Judge:  Hon. Oliver W. Wanger |

Defendant Target Corporation's Motion to Compel Production of Plaintiff's Responses to Special Interrogatories and Request for Documents and Request for Sanctions (Doc. 15) was filed and served on March 13, 2007.  Plaintiff filed no opposition to the motion.  The Motion to Compel was originally set for hearing on

1

1  April 13, 2007 at 9:30 a.m. in Courtroom No. 7 before Chief

2  Magistrate Judge Sandra M. Snyder.  However, on April 11, 2007,

3  via Minute Order (Doc. 19), the hearing was vacated and the

4  motion was taken under submission pursuant to Local Rule

5  78-230(c) and (h).

6      The Court has fully considered the briefing submitted by

7  Defendant, and in light of Plaintiff's non-opposition to

8  Defendant's Motion to Compel, GOOD CAUSE APPEARING, it is hereby

9  **ORDERED** that:

10     1. Defendant's Motion to Compel is **GRANTED.**  Plaintiff

11  shall respond to Defendant's interrogatories and requests for

12  production without withholding any information or documents on

13  the basis of privilege or any other objections on or before

14  **May 15, 2007;** and,

15     2. Plaintiff and her attorney are **SANCTIONED** in the amount

16  of **$4,080.00,** for Defendant's reasonable attorneys' fees and

17  costs incurred with compelling production of Plaintiff's

18  discovery responses and Plaintiff's initial disclosures, to be

19  paid directly to counsel for Defendant on or before **June 1, 2007.**

20     The Court further **FINDS** and hereby **RECOMMENDS** that since

21  Plaintiff declined to submit an opposition to Defendant's Motion

22  to Compel, and has not demonstrated that Plaintiff's discovery

23  violations were outside of her control, the Court concludes that

24  Plaintiff's discovery violations appear willful.  Given

25  Plaintiff's apparent abandonment of her claims, a sanction less

26  than dismissal would be ineffective.

27  //

28  /

2

1   It appears Plaintiff has acted willfully and in bad faith by

2   failing to comply with the rules of discovery.  Plaintiff has

3   completely refused to respond to written discovery, has refused

4   to respond to inquiries by Defendant regarding discovery, and

5   failed to oppose Defendant's Motion to Compel.  In addition,

6   Plaintiff refused to provide Defendant with her initial

7   disclosures until ordered to do so by the Court, nearly three (3)

8   months after the disclosures were due, without any reason or

9   excuse for Plaintiff's failure to provide the initial disclosures

10  in a timely manner.

11   Plaintiff has not otherwise diligently prosecuted this case,

12  and the Court possesses the discretionary authority to dismiss an

13  action based on Plaintiff's failure to prosecute diligently.

14  Fed. R. Civ. P. 41(b); Schwarzer, Tashima & Wagstaffe, Fed. Civ.

15  Proc. Before Trial ¶ 16:431 (1997).  Unreasonable delay by

16  Plaintiff is sufficient to justify dismissal, even in the absence

17  of actual prejudice to the defendant, Moore v. Telfon

18  Communications Corp., 589 F.2d 959, 967-68 (9th Cir. 1978), since

19  a presumption of injury arises from the occurrence of

20  unreasonable delay.  Fidelity Philadelphia Trust Co. v. Pioche

21  Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978).  Plaintiff

22  then has the burden of showing justification for the delay and,

23  in the absence of such showing, the case is properly dismissed

24  for failure to prosecute.  Nealey v. Transportation Maritima

25  Mexicana, S.A., 662 F.2d 1275 (9th Cir. 1980).

26  ///

27  //

28  /

3

1     THEREFORE, IT IS HEREBY **ORDERED** that:

2     1. Plaintiff, by and through her counsel, **SHOW CAUSE** why

3 this action should not be dismissed for failure to prosecute;

4     2. This matter is SET for hearing on **May 21, 2007 at 10:00**

5 **a.m.** in Courtroom No. 3 before the Honorable Oliver W. Wanger,

6 Senior United States District Judge, for consideration of

7 dismissal for lack of prosecution; and,

8     3. If Plaintiff, by and through her counsel, has any

9 reasons why this action should not be dismissed, they shall be

10 submitted by sworn declaration of facts on or before **May 14, 2007**

11 **by 5:00 p.m.** to which Plaintiff may append a supporting

12 memorandum of law to include an explanation for:

13     A.   Plaintiff's counsel's failure to comply with the

14 rules of discovery.

15     B.   Plaintiff's counsel's refusal to respond to

16 Defendant's written discovery.

17     C.   Plaintiff's counsel's refusal to respond to

18 Defendant's inquiries regarding discovery.

19     D.   Plaintiff's counsel's failure to oppose Defendant's

20 motion to compel.

21     E.   Plaintiff's counsel's refusal to provide Defendant

22 with initial disclosures in a timely manner, until ordered to do

23 so by the court.

24 IT IS SO ORDERED.

25 **Dated:   May 3, 2007**                    **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

26

27

28

4