IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTORIA STEVENSON,** | No. CV-F-06-487 OWW/SMS |
| **Plaintiff,** | ORDER DISMISSING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |
| **vs.** | |
| **TARGET CORPORATION, et al.,** | |
| **Defendant.** | |

On March 20, 2006, Plaintiff Victoria Stevenson, represented by Juan Falcon, filed a Complaint in the Fresno County Superior Court. Defendants are Target Corporation and Does 1-50. The Complaint alleges causes of action for wrongful termination in violation of public policy, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. The action was removed to this Court on April 24, 2006 on the basis of diversity jurisdiction.

On March 13, 2007, Defendant filed a motion to compel, seeking an order compelling Plaintiff to respond to Defendant's

Special Interrogatories and Requests for Documents and to dismiss the action and/or award Defendant monetary sanctions in the amount of $4,080.00 against Plaintiff and Mr. Falcon.  The motion to compel was noticed for hearing on April 13, 2007 before Magistrate Judge Snyder.  On April 10, 2007, Defendant filed a notice of no opposition filed by Plaintiff to the motion to compel.  By Order filed on April 11, 2007, Magistrate Judge Snyder vacated the April 13, 2007 hearing and took the motion to compel under submission.

By Order filed on May 3, 2007, Magistrate Judge Snyder granted the motion to compel and ordered Plaintiff to respond to the discovery "without withholding any information or documents on the basis of privilege or any other objections" by May 15, 2007.  The May 3, 2007 Order further held:

> 2.  Plaintiff and her attorney are SANCTIONED in the amount of $4,080.00, for Defendant's reasonable attorneys' fees and costs incurred with compelling production of Plaintiff's discovery responses and Plaintiff's initial disclosures, to be paid directly to counsel for Defendant on or before June 1, 2007.
>
> The Court further FINDS and hereby RECOMMENDS that since Plaintiff declined to submit an opposition to Defendant's Motion to Compel, and has not demonstrated that Plaintiff's discovery violations were outside of her control, the Court concludes that Plaintiff's discovery violations appear willful.  Given Plaintiff's apparent abandonment of her claims, a sanction less than dismissal would be ineffective.
>
> It appears Plaintiff has acted willfully and in bad faith by failing to comply with the rules of discovery.  Plaintiff has completely refused to respond to written discovery, has

>refused to respond to inquiries by Defendant regarding discovery, and failed to oppose Defendant's Motion to Compel.  In addition, Plaintiff refused to provide Defendant with her initial disclosures until ordered to do so by the Court, nearly three (3) months after the disclosures were due, without any reason or excuse for Plaintiff's failure to provide the initial disclosures in a timely manner.

Magistrate Judge Snyder ordered Plaintiff to appear on May 21, 2007 and show cause why this action should not be dismissed for failure to prosecute.  Magistrate Judge Snyder further ordered:

>3.  If Plaintiff, by and through her counsel, has any reason why this action should not be dismissed, they shall be submitted by sworn declaration of facts on or before May 14, 2007 by 5:00 p.m. to which Plaintiff may append a supporting memorandum of law to include an explanation for:
>
>>A.  Plaintiff's counsel's failure to comply with the rules of discovery.
>>
>>B.  Plaintiff's counsel's refusal to respond to Defendant's written discovery.
>>
>>C.  Plaintiff's counsel's refusal to respond to Defendant's inquiries regarding discovery.
>>
>>D.  Plaintiff's counsel's failure to oppose Defendant's motion to compel.
>>
>>E.  Plaintiff's counsel's refusal to provide Defendant with initial disclosures in a timely manner, until ordered to do so by the court.

On May 14, 2007, Juan Falcon timely filed his Declaration in response to the Order to Show Cause.  Mr. Falcon avers:

>2.  The initial Rule 26 disclosures in this case were served on December 6, 2006.  The disclosures were not served in a timely manner because of an oversight of Plaintiff's

counsel.  Plaintiff bears no responsibility for the belated Rule 26 disclosures.  There was no intentional refusal to comply with discovery rules procedures.

3.   Defendants' Request for Production of Documents Set Number One propounded by Defendants were verified, served and responded to by Plaintiff ... on May 14, 2007.

4.   Defendants' Request for Production of Documents Set Number One propounded by Defendants were verified, served and responded to by Plaintiff ... on May 14, 2007 [sic].

5.   Plaintiff submits that the terminating sanctions recommended by the Magistrate Judge are excessive.

6.   Plaintiff ... bears no personal responsibility for the belated responses to discovery.

7.   To my recollection there have been no prior warnings from the Court that a dismissal was imminent <u>Olivia v. Sullivan</u> (9th Cir.1992) 985 F.2d 272, 273.  I apologize for the delay in responding to discovery, and I can represent that no further delays will be the fault of Plaintiff.

8.   No opposition to the Motion to Compel was served prior to the hearing of April 13, 2007, because I was attempting to get authorization for settlement of the case from Plaintiff to take to Defendant before the actual hearing on the motion.  I was unable to get a settlement authority from Plaintiff that I though was reasonable and likely to be accepted by Defendant.  I believe this case may still settle without the need for a trial.

9.   At no time was there a willfulness to disobey the discovery order.  There was no intentional violation of any discovery order by Plaintiff's counsel.  However, because of the press of Plaintiff's counsel's criminal

> **practice, the discovery responses were belated. There was no intentional disregard for the discovery process.**
>
> **10. There was no intentional or unreasonable delay in the prosecution of this case that warrants dismissal.**
>
> **11. The ultimate sanction of dismissal is not appropriate in this matter given that compliance there has been compliance [sic] with the May 3, 2007, discovery order in that all outstanding discovery has been verified and served on Defendant.**
>
> **12. Although there has been no discovery commenced by Plaintiff as of yet discovery does not cut-off until June 18, 2007. Plaintiff has drafted written discovery and will serve via overnight mail on May 15, 2007, written discovery in this case. Plaintiff intends to notice two depositions before June 18, 2007.**
>
> **13. Plaintiff submits that defendants have not been prejudiced, to the point where dismissal is warranted. Plaintiff is amenable to any continuance to address the issue of the belated discovery.**
>
> **14. Plaintiff requests one opportunity from the Court to litigate this case on the merits without any further delays. The interests of justice would not be served by a dismissal of this action.**

**Rule 41(b), Federal Rules of Civil Procedure, provides for dismissal of any action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court ...." "[I]n order to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their**

merits; and (5) the availability of less drastic alternatives.' ...." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999).  Dismissal as a sanction should be imposed only in extreme circumstances.  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir.1992); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986).

None of these factors weigh in favor of dismissal of the action.  The public's interest in expeditious resolution of litigation is not impacted because discovery has not yet cut off.  The court's need to manage its docket is not affected because the failure to timely comply with discovery requests and procedures has not resulted in any continuances of dates set forth in the Scheduling Order.  Defendants have not been prejudiced by the belated compliance with discovery requests for the same reason.  The public policy in favor of resolution of cases on their merits weighs against dismissal.  Finally, the monetary sanction imposed by the Magistrate Judge demonstrates that a less drastic sanction than dismissal is available, appropriate, and effective.

IT IS ORDERED that Plaintiff's counsel has substantially complied with remedying the discovery defaults.  Dismissal is not warranted under the circumstances based on the lack of a warning and that the most severe sanction is legally unjustified.

However, Mr. Falcon has a history in the United States District Court for the Eastern District of California of failing to timely respond to discovery, court orders, and motions.  Given this history, the representations in his Declaration that there

6

**will be no further delay in responding to discovery and in prosecuting this action ring hollow.  Mr. Falcon is expressly warned that any future failure to timely comply with discovery and court orders or to timely respond to motions will result in the dismissal of this action.**

　　　IT IS SO ORDERED.

**Dated:   May 30, 2007**　　　　　　　　　　/s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE